STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 14 CR 564 |
| MOHAMMED HAMZAH KHAN | Judge John J. Tharp Jr. |

**GOVERNMENT'S MOTION TO REVOKE KHAN'S SUPERVISED RELEASE AND MODIFY KHAN'S SUPERVISED RELEASE CONDITIONS**

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR, United States Attorney for the Northern District of Illinois, respectfully submits its Motion to Revoke Defendant Mohammad Hamzah Khan's Supervised Release and to Modify Khan's Supervised Release Conditions, pursuant to Title 18, United States Code, Section 3583(e)(2) and (3).

## Introduction

Khan continues his inexplicable poor judgment, but he does offer some hope for the future. In less than 10 months from leaving prison, Kahn carries a perfect 4.0 grade point average and has earned academic honors, but has committed serious violations of his terms of supervision. Remarkably, he has managed to both flout and take advantage of the opportunity this Court gave him. To encourage his progress and deter any future violations, the government recommends a combination of 60 days' imprisonment, coupled with modifications to his supervised release, including substantial community service.

## Background

On November 18, 2016, this Court sentenced Khan to 40 months' imprisonment followed by 20 years of supervised release. (R. 101) The Court concluded that the advisory Sentencing Guidelines range called for a sentence of 180 months (R. 103 at 7), however, the government recommended far less, based on Khan's cooperation and its analysis of the Section 3553 factors (R. 95).

On March 26 and April 18, 2018, the U.S. Probation Office issued reports alleging that Khan violated his terms of supervised release, in-particular the computer and internet monitoring provisions, by:

(1) Possessing unauthorized devices and failing to obtain the requisite approvals before using certain apps or communication tools; and

(2) Failing to subject a smartphone and desktop to the computer-monitoring program.

(R. 104 and R. 109)

Despite the seriousness of the violations, Khan recently completed an outstanding academic year, and he should be commended for his accomplishments. According to his college, Khan has a perfect 4.0 grade point average. To date, he has earned an A in every class he has taken since his imprisonment. Khan's course work includes classes on literature, Western civilization, U.S. History, speech, geography, and world religions.

## Government's Recommendation

This Court recognized Khan's conflicted personas at his sentencing hearing. (R. 103 at 26). When he was arrested, he ranged from a teenager working to make money for school, helping his family, playing basketball with his friends, and caring about the less fortunate, to attempting to "join an organization whose professional goal is to exterminate anyone who disagrees with their religious dogma." (*Id.*)

Khan's alleged violations of supervised release appear to be a repeat of his irreconcilable successes and failures. Regardless of the fact that Khan's violations did not relate to ISIS, criminal activity, or violence, Khan's lack of candor about his use of devices and online accounts and his subversion of the computer and internet monitoring program undermined the "trust but verify" program this Court set up to give Khan a second chance. (*See* R. 103 at 30) Even though Khan violated the Court's and the government's trust, the government (for now at least) continues to support the supervised release program. The program, however, should be strengthened, and Khan should be punished for his violations.

Accordingly, to address the seriousness of the offense, remote respect for the law, and for specific deterrence, the government requests:

- A term of imprisonment of 60 days to avoid interfering with Khan's fall semester;
- A one-year extension of Khan's term of supervised release, because Khan undermined the scope of his supervised release conditions for a substantial portion (if not all) of his 10 months of supervised release;

3

- An additional 120 hours of community service between his release from custody and August 1, 2019 (these hours would be in addition to the 100 hours per year, for the first five years of supervised release, as previously ordered by the Court);[1] and

- A modification to Khan's supervised release conditions to allow Probation to conduct polygraph testing to determine Khan's compliance with the terms of his supervised release.

Because Khan committed these violations while residing in his family's home and he hatched is original plan from the same residence, the government respectfully request that Probation be ordered to do an assessment of whether Khan should continue to reside at his family home for the fall semester, and whether there are viable alternatives.

---

[1] The government recommends that Khan be ordered to submit a written proposal to the Court, government, and Probation (prior to his release from custody) for approval as to how he intends to complete these community service hours and how his proposal will lead to the development of his life skills, maturity, and judgment.

## Conclusion

Accordingly, the government respectfully requests that this Court revoke and modify Khan's supervised release pursuant to Title 18, United States Code, Section 3583(e)(2) and (3), and order him to serve a 60-day term of imprisonment followed by the increased terms of supervised release described above.

Respectfully submitted,
JOHN R. LAUSCH, JR.
United States Attorney

By:    *s/ Matt Hiller*
       R. MATTHEW HILLER
       SEAN K. DRISCOLL
       Assistant United States Attorneys
       219 S. Dearborn Street
       Chicago, Illinois 60604
       (312) 697–4088